David Michael McGINNIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–82–0265–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 19, 1983.

Carlton McLarty, Quinn Brackett, Lubbock, for appellant.

John T. Montford, Dist. Atty., Jim Bob Darnell, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant David Michael McGinnis brings this appeal from his conviction of aggravated robbery and the consequent jury assessed punishment of forty years confinement in the Texas Department of Corrections.

In attacking the conviction, appellant contends the trial court erred in: (1) conducting the proceedings pertaining to the correction nunc pro tunc of the judgment and sentence in the absence of appellant; (2) in failing to charge the jury that appellant's refusal to plead to the incident should not be considered as evidence of guilt; (3) in denying appellant's motion for continuance; and (4) in admitting evidence seized as the result of an illegal search. We affirm the judgment of conviction.

The record reveals that appellant was charged with the offense of aggravated robbery committed "by intentionally and knowingly using and exhibiting a deadly weapon, to-wit: a handgun." At trial the jury was charged before it could convict appellant it must first find, in the language of the indictment, the offense was committed "by intentionally and knowingly using and exhibiting a deadly weapon, to-wit: a handgun." Judgment was entered upon the jury verdict finding the appellant guilty of aggravated robbery. However, the judgment as entered omitted a finding that a deadly weapon was used and exhibited.

On the 6th day of April, 1982, the court set a hearing on the 16th day of April, 1982, to consider "the Court's motion to correct the Judgment and Sentence Nunc Pro Tunc." At the hearing, attorneys appeared representing the State and appellant. The hearing was conducted over the objection that appellant was not personally present because he was incarcerated in the Department of Corrections. At the hearing it was established that the court, after receiving the jury verdict, had made a docket entry finding the element of use and exhibition of a firearm and had also made an oral pronouncement of that finding, a finding clearly supported by the evidence. After the hearing the court entered the challenged nunc pro tunc judgment.

The purpose of a nunc pro tunc order is to have the court records correctly reflect a judgment actually rendered by the court, but which for some reason was not entered at the proper time. *Holway v. Holway*, 506 S.W.2d 643 (Tex.Civ.App.—El Paso 1974, no writ). Even after the passage of thirty days since the entry of the judgment, a trial court retains the power to enter a nunc pro tunc order correcting a "clerical error" which may appear in the judgment. *Quintanilla v. Seagraves Ford, Inc.*, 522 S.W.2d 274 (Tex.Civ.App.—Corpus Christi 1975, no writ). Whether an error is judicial or clerical in nature has been held to be a question of law and an error in the entry of a judgment will be styled as clerical in nature so long as the error did not come about as the product of judicial reasoning. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex.Cr.App.1980).

The court clearly was acting within its power in entering the judgment and

sentence nunc pro tunc. *Perkins v. State,* 505 S.W.2d 563, 564 (Tex.Cr.App.1974); *Resnick v. State,* 574 S.W.2d 558 (Tex.Cr. App.1978); Tex.Code Crim.Pro.Ann. arts. 40.09 and 44.11 (Vernon Supp.1982). Since the error corrected did not come about as the product of judicial reasoning, it was clerical in nature. *Alvarez v. State, supra.* The absence of the defendant at some stage of the proceedings does not in every instance mandate reversal. *Boatright v. State,* 118 Tex.Cr.R. 547, 42 S.W.2d 422, 424 (1931). To require reversal, there must be either an actual showing of injury or a showing of facts from which injury might reasonably be inferred. *Tischmacher v. State,* 153 Tex.Cr.R. 481, 221 S.W.2d 258, 261 (1949); *Shaw v. State,* 539 S.W.2d 887 (Tex.Cr.App.1976). The action of the court here challenged, being merely the correction of a clerical error, clearly demonstrated by the record, does not demonstrate the kind of "injury" to appellant which would mandate reversal. Our conclusion that this action was not reversible, is strengthened by the fact that this court, having the necessary data and evidence as is here existent, could have reformed the judgment and sentence. *See Barecky v. State,* 639 S.W.2d 943, 945 (Tex.Cr.App.1982); *Norman v. State,* 588 S.W.2d 340, 348 (Tex.Cr.App. 1979) cert. den. 100 S.Ct. 1836, 446 U.S. 909, 64 L.Ed.2d 261; *Knight v. State,* 581 S.W.2d 692, 694 (Tex.Cr.App.1979); *Spurgers v. State,* 576 S.W.2d 830, 832 (Tex.Cr. App.1978). Ground of error one is overruled.

When the indictment in this case was read to appellant, he declined to enter a plea. The court then entered a plea of not guilty on his behalf. This action gave rise to appellant's second and third grounds of error. In those grounds, appellant asserts the trial court erred in refusing appellant's tendered charge instructing the jury that appellant's refusal to plead should not be considered as evidence of guilt and in failing to include any similar charge to the jury.

The thrust of appellant's argument under these grounds is that the right not to plead is just as constitutionally protected as the right to remain silent. Thus, if the law requires the court to instruct the jury that a failure to testify is no evidence of guilt, the law should require the court to instruct the jury that a failure to plead should not be considered as evidence of guilt and its failure to do so constituted reversible error. We do not agree.

The court gave written instructions and qualified potential venireman during voir dire on the following: (1) the jury should consider the charge as a whole; (2) the arrest, indictment, or confinement of appellant was not any evidence of guilt; (3) the jury was required to consider only the evidence from the witness stand; (4) the jury was required to consider only evidence before them; (5) all persons are presumed innocent until guilt is established by legal and competent evidence beyond a reasonable doubt; and (6) the burden of proof is upon the State.

█ Since the entering of a plea or the refusal to enter any plea is not evidence from the witness stand, the fact that the judge instructed the jury to consider only evidence from the witness stand adequately protected the appellant's rights. Appellant's second and third grounds are overruled.

In his fourth ground appellant complains of the refusal of his motion for continuance on the trial of appellant's co-defendant. The basis of the motion was newspaper publicity concerning a co-defendant's trial, which was being concluded when this case was called for trial. The article also linked the name of appellant with the co-defendant and pointed out appellant's trial was about to begin.

█ It is axiomatic that determination of such a motion is vested in the sound discretion of the trial court, subject to review for abuse of such discretion. *Corley v. State,* 582 S.W.2d 815 (Tex.Cr.App.1979), cert. denied 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 176 (1979). The record reveals that, subsequent to the overruling of the motion for continuance and, in his initial examination of the jury panel, the careful

trial judge determined that no member of the panel had any knowledge of this case from any source. Subsequent to that time, and repeatedly during the trial, he instructed the jury not to read, listen or watch any news account of this or any other case tried the week of this trial. Nothing in the record appears indicating any violation by the trial jury of that admonition. We find no abuse of discretion in the overruling of the motion for continuance. Appellant's fourth ground of error is overruled.

██ In his fifth ground appellant urges error by the trial court in admitting evidence seized as the result of a warrantless arrest which exceeded the scope of any consent given. The evidence in question was found in suitcases located in the trunk of the car driven by appellant. The record shows that appellant executed a "permission to search" the car which also authorized the officers "to remove ... items of property ... which they deem pertinent to their investigation." We think the consent was broad enough to authorize the search in question. *See Williams v. State,* 621 S.W.2d 613 (Tex.Cr.App.1981). Appellant does not challenge the voluntariness of the consent, and there is no evidence to suggest the consent was other than voluntary. Appellant's fifth ground of error is overruled.

There being no reversible error, the judgment of the trial court is affirmed.