IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00263-CR

 

Jeffery Todd Popp,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2002-556-C

 



MEMORANDUM 
Opinion



 








            Jeffery
Popp was convicted of driving while intoxicated, a felony offense.  The jury recommended a sentence of 10 years
in prison and a $5,000 fine.  The court
ordered the sentence to begin after the sentence in another cause ran.  We affirm.

Popp initially contends the trial court erred in
failing to grant a mistrial, sua sponte, when a juror responded by asking to be
excused from the panel to one of Popp’s outbursts during voir dire.  No objection, request for instruction, or
request for mistrial was made by Popp. 
Rules that require a timely and specific objection do not apply to two
relatively small categories of errors.  Saldano v. State, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).  Popp’s complaint does not fit within these
small categories.  Thus, because Popp did
not object, he has not preserved his complaint for our review.  Tex.
R. App. P. 33.1.

          In
his second and third issues, Popp argues that the trial court erred in entering
a nunc pro tunc judgment because 1) the trial court had no jurisdiction to do
so; and 2) the trial court did not give Popp notice or the opportunity to be
heard and have counsel present.

          The
Rules of Appellate Procedure provide that once the record has been filed in the
appellate court, all further proceedings in the trial court are suspended.  Tex.
R. App. P. 25.2(g).  The appellate
record was not complete until after
the trial court entered its nunc pro tunc judgment.  Popp cites no authority for his proposition
that the trial court had no jurisdiction to enter the nunc pro tunc
judgment.  His second issue is improperly
briefed and presents nothing for review. 
Long v. State, 137 S.W.3d 726,
737 (Tex. App.—Waco 2004, no pet.).

          Popp
further contends that the trial court erred in entering the nunc pro tunc
judgment because he was not given notice of the court’s intent to enter the
judgment and was not given an opportunity to be heard and to have counsel
present.

The purpose of a nunc pro tunc order is to have
the court records correctly reflect a judgment actually rendered by the trial
court.  See Jones v. State, 795
S.W.2d 199, 202 (Tex. Crim. App. 1990); McGinnis
v. State, 664 S.W.2d 769, 770 (Tex. App.—Amarillo 1983, pet. ref’d).  The Court of Criminal Appeals has said, that
before any unfavorable nunc pro tunc orders are entered, the person convicted
should be given an opportunity to be present for the hearing and represented by
counsel, in order to accord him due process of law.  Shaw v.
State, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976).  But more recently, the Court has said that if
the trial court properly changed the order, remanding for a hearing would be a
“useless task.”  Homan v. Hughes, 708 S.W.2d 449, 454-455 (Tex. Crim. App. 1986).

When the trial judge pronounced Popp’s sentence,
he stated,

Mr. Popp, it is the sentence of the Court that
you be confined to the Texas Department of Criminal Justice Institutional
Division for a term of ten years, and fined $5,000.00.  It is furthermore the sentence of the Court
that this sentence shall begin to run when you have fully and completely
discharged the sentence in 2002-277-C, whereby you were assessed eleven years
in the Texas Department of Criminal Justice, Institutional Division.  The sentence in this case shall begin to run
when you have fully and completely discharged that sentence in cause number
2002-277-C.  

 

For some reason, this pronouncement did not
appear in the written judgment.  The
judgment was then corrected to reflect the court’s actual pronouncement.  Popp does not contend that his sentences
cannot run consecutively.  Sending this
cause back to the trial court for a hearing would be “useless.”  Popp’s third issue is overruled.

In his fifth issue, Popp contends the jury
finding that he was competent to stand trial was against the great weight and
preponderance of the evidence.  A
defendant is presumed competent to stand trial unless he proves his
incompetence by a preponderance of the evidence.  Acts of 1965, 59th Leg., vol. 2, p. 317, ch.
722 (repealed 2003)(formerly art. 46.02 § 1A).[1]  The correct standard of review for a factual
insufficiency issue where the defendant has the burden of proof by a
preponderance of the evidence is whether, after considering all the relevant
evidence, the judgment is so against the great weight and preponderance of the
evidence so as to be manifestly unjust.  Meraz v. State, 785 S.W.2d 146, 155
(Tex. Crim. App. 1990).

          By
the time of his trial, Popp had dismissed two retained attorneys and a
court-appointed attorney.  He was
represented at the incompetency hearing by another court-appointed
attorney.  Three witnesses, two attorneys
and a legal assistant, testified that Popp had periods of irrational behavior
and did not understand the proceedings against him.  However, the court-appointed psychiatrist
determined Popp was competent to stand trial. 
And a former court-appointed attorney testified that, although he could
not get Popp to take his criminal charges seriously, he did not think Popp was
incompetent during his period of representation.  Contrary to Popp’s assertion, considering all
the relevant evidence, the judgment is not so against the great weight and
preponderance of the evidence so as to be manifestly unjust.  Popp’s fifth issue is overruled.

          In
his fourth issue, Popp contends the trial court erred in failing to sua sponte
impanel a second competency jury.  See Acts of 1965, 59th Leg., vol. 2, p.
317, ch. 722 (repealed 2003)(formerly art. 46.02 § 2(b)).  Under caselaw interpreting section 2, if a
competency issue is raised by the defendant, any party, or the court and 1) evidence
of incompetency is brought to the attention of the trial court by the
defendant, any party, or the court, 2) of the type to raise a bona fide doubt
in the judge's mind regarding the defendant's competency to stand trial, then
3) the judge must conduct a Section 2 "competency inquiry" to
determine if there is some evidence sufficient to support a finding of
incompetence, and if there is, 4) the judge must impanel a jury for a Section 4
"competency hearing."  McDaniel v. State, 98 S.W.3d 704,
710-711 (Tex. Crim. App. 2003).  And where there has already been one
determination of competency by a jury and there is no error in that finding, to
complain of the denial of a second hearing, the defendant must put forth some
evidence of a subsequent change in competency or some “new evidence” in a
manner analogous to the newly discovered evidence basis for a new trial.  Miles
v. State, 688 S.W.2d 219, 224 (Tex. App.—El Paso 1985, pet. ref’d).  “Any other procedural and evidentiary
framework would effectively block trial on the merits.”  Id.

          Popp
made at least 47 outbursts either in front of or out of the presence of the
jury before he voluntarily chose to not personally attend his trial.  Most of those outbursts involved displeasure
with his latest court-appointed attorney, an attorney Popp had previously
retained, and the trial court.  His
attorney expressed concern for Popp’s mental status but also acknowledged that
Popp had been recently evaluated and found to be competent.  Counsel also stated that he had not seen any
significant change in Popp’s behavior and would not ask for another evaluation
“because this is the exact same behavior I have observed in the past three months.”

          No
error was found in the jury’s determination of Popp’s competence.  And Popp has presented no evidence of a subsequent
change in his competency to stand trial. 
Thus, the trial court did not err in failing to impanel a jury for a
second competency hearing.  Popp’s fourth
issue is overruled.




          Having
overruled the issues properly presented, we affirm the judgment of the trial
court.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Affirmed

Opinion
delivered and filed October 13, 2004

Do
not publish

[CR25]











[1]
The statutes regarding competency to stand trial are now located in Tex. Code Crim. Proc. Ann. art.
46B.001, et. seq. (Vernon Pamp.
2004-2005). The new chapter applies only to a defendant against whom
proceedings have not been initiated under Article 46.02 before the effective
date of the new chapter.  Acts of 2003,
78th Leg., ch. 35 § 16.  Popp does not
fall within this category.  Thus, the
former chapter applies.








/span>

 

            Paragraph 3.01 of the Procedures for
Internal Deadlines for Approval of Opinions and Orders allows six weeks from
distribution of an opinion until the Proposed Issue Date.  More than six weeks
have elapsed since two Justices approved the draft majority opinion in this case.

 

            Applying Paragraph 8.01 of the
Procedures, the Issue Date for the majority opinion in this case is set for
Wednesday, August 15, 2007.  The Final Response Date for purposes of Paragraph
4.01 of the Procedures is set as August 8, 2007, and failure to act by that
date constitutes approval of the draft majority opinion authored by Justice
Vance to be issued on August 15, 2007.

 

            This
modified procedure is adopted this 25th day of July, 2007.

 

 

                                                                        ________________________________

                                                                        Tom Gray

 

 

                                                                        _s/
Bill Vance ____________________

                                                                        Bill
Vance

 

 

                                                                        _s/
 Felipe Reyna __________________

                                                                        Felipe Reyna

 

(Emphasis added.)  Chief Justice Gray wrote a
handwritten “dissent” to the action of the majority in adopting the modified
procedure.

Having received no response by August 8, Justice
Vance wrote Chief Justice Gray on August 10:

Per your request, this is a courtesy
notice in advance of the issuance of the opinion in TAMU v. Bading without your
response under the deadlines.

 

This accelerated interlocutory appeal
was argued and submitted on June 6, over nine weeks ago.  Your proposed opinion
did not garner a majority of the votes.  An opinion that I drafted was approved
by a majority of justices on June 11, over eight weeks ago.  To date, no concurring
or dissenting opinion has been given to us for our review.  You have said,
however, "You do what ever you want to do, but my position always has been
and remains that I am unable commit to any specific date to be ready to vote. 
Life just does not offer that level of certainty.  I may or may not be ready by
[August 15].  twg"

 

In light of all the pending matters
arising out of the same underlying event, the parties are entitled to be
promptly informed of the decision we have reached.

 

Under the modified procedure approved
on July 25, the Final Response Date in this case was August 8, so the opinion
will issue as a unanimous opinion on August 15.  ("failure to act by [the
Final Response Date] constitutes approval of the draft majority opinion authored
by Justice Vance to be issued on August 15, 2007") [sic]

 

I trust that the proposed opinion that
your [sic] circulated back in June correctly reflected your view of how the
legal issues presented in this appeal should be resolved.  It should be easy to
convert that to a concurring opinion to be issued next week with my opinion.

 

Chief
Justice Gray replied:

 

Bill,

Your email begins with multiple false
premises and continues in that vein throughout.  If you "do what you want
to do," as I feel certain you, will empowered as you are with the second
vote from Felipe, I will again have to follow it up with a special note, as I
did last week in TxDot v. York.

twg

 

The opinion was issued as scheduled on August 15.

            Various rules impose deadlines at
every step of the appellate process, from the overruling of a motion for new
trial by operation of law after 75 days to the automatic denial of a motion for
rehearing in the Texas Supreme Court if not decided within six months.[7] 
See, e.g., Tex. Const.
art. V, § 31(d); Tex. R. Civ. P.
329b(c).  Furthermore, Appellate Rule 41.1(c) allows for the issuance of an
opinion by two justices, after argument, when one cannot participate “for any
reason.”  Tex. R. App. P.
41.1(c).  This case was submitted on oral argument on June 6, 2007.

Under the rules governing the issuance of
opinions, Chief Justice Gray approved the draft majority opinion.  He alone decided
not to affirmatively vote to join the opinion or to dissent from or concur in
the judgment in this case in a timely manner.  He is not disqualified; he has
not recused himself.  Thus, he remains a member of the panel assigned to the
case.  The decision reflected by the “Special Note” is his alone.

            We overrule issue nine.

            In issue ten, Appellees say that our
internal operating procedures have rendered them “innocent victims” in a way
that violates their “appellate due process” rights.  The University responds by
noting that no authority is cited in support of this issue.  Nothing is
presented for review.  We overrule issue ten.

 

CONCLUSION

            We have overruled rehearing issues one
through five and eight through twelve.  We sustain issues six and seven.  We
withdraw our judgment dated August 15, 2007, and issue a modified judgment to
reverse the “orders” of the trial court denying the University’s pleas to the
jurisdiction and render an order granting the University’s pleas and dismissing
all of Appellees’ trial-court claims for lack of jurisdiction.  In all other
respects the Appellees’ motions for rehearing are overruled.

            

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Additional
Special Note by Chief Justice Gray)

Motions
for rehearing granted in part; denied in part

Judgment
withdrawn; modified judgment issued

Opinion
delivered and filed November 14, 2007









[1] We again note that our decision is based on a
prior version of Section 33.004 of the Civil Practice and Remedies Code, no
longer in effect, which allowed findings of responsibility of “persons” over which
the court has jurisdiction.  We express no opinion about whether an entity that
enjoys sovereign immunity can be designated as a responsible third party under
the current version.





[2] In an earlier case in which a party, in a motion
for rehearing, claimed that an opinion on the affirmative vote of two justices obviated
potential appellate jurisdiction of the Supreme Court of Texas and was
erroneous, we attached the then-current version of our "Procedures for
Internal Deadlines for Approval of Opinions and Orders."  Tesmec USA,
Inc. v. Whittington, 192 S.W.3d 178, 183-88 (Tex. App.—Waco 2006, pet.
denied) (op. on rehearing).  The Procedures have since been amended and have
proven to be workable.

 





[3] Court-adopted rules cannot be
inconsistent with the constitution.  See Starnes v. Holloway, 779 S.W.2d
86, 96 (Tex. App.—Dallas 1989, writ denied).  "A statute controls over a
procedural rule."  In re Chu, 134 S.W.3d 459, 466 (Tex. App.—Waco
2004, orig. proceeding).

 





[4] The exception is companion cases that are
assigned to the same justice.

 





[5] Demonstrating sufficient time to consider the
appeal.





[6] The relevant part of Paragraph 8.01 provides: 
“Any procedure or deadline specified herein may be changed, modified, or
suspended in any case by a majority vote of the Justices on the panel.”

 





[7] According to an informal survey that we
conducted, the Texas Supreme Court and approximately half of the fourteen
courts of appeals have some kind of internal deadlines for the approval of
opinions.