In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-465 CV


 ______________________


 

IN RE COMMITMENT OF DARYL HOLT






On Appeal from the 9th District Court


 Montgomery County, Texas


Trial Cause No. 05-10-08910 CV






MEMORANDUM OPINION


 The State of Texas filed a petition to commit Daryl Holt as a sexually violent predator. 
See Tex. Health & Safety Code Ann. §§ 841.001-.150 (Vernon 2003 & Supp. 2006). A
jury determined that Holt suffers from a behavioral abnormality making him likely to engage
in a predatory act of sexual violence. The trial court ordered Holt committed as a sexually
violent predator. In two appellate issues, Holt argues the trial court erred in denying his
motion for continuance. Finding no reversible error, we affirm the trial court's judgment.

 On the morning of trial, a local newspaper published an article describing the civil
commitment process. The article referred to Holt's civil commitment proceeding. It
mentioned that he was previously convicted for indecency with a child, that he violated his
parole by making contact with a child at a Christmas party, and that an expert report stated
Holt had a "'moderate-to-high level of risk to engage in predatory acts of sexual violence
after his release or discharge.'" 

 Holt filed a motion for continuance. At a hearing held before jury selection, Holt
argued that the article was highly prejudicial because it provided details regarding his prior
offenses, his parole revocation, and his likelihood to reoffend. Holt also argued that he had
"no way of knowing who's read the article, [or] who's spoken to their friends about the
article[.]" The trial court denied the motion for continuance. 

 The trial court informed the jury panel there was an article in the morning newspaper,
and instructed the potential jurors not to read the paper. The court asked the potential jurors
to indicate if they could not make a fair decision because of what was written in the paper. 
The trial court concluded the potential jurors could be fair and impartial, could disregard
anything they had read about the case, and could base their decisions solely on the evidence
presented. After the jury was sworn, the jurors pledged that they would not view any media
coverage regarding this case or similar cases until the jury had reached a verdict. 

 Holt argues that he was denied due process. He says the jury was not fair and
impartial. He contends that the trial court should not have relied solely on the potential
jurors' answers because the potential jurors nevertheless could have been influenced by the
newspaper article. In his view, a continuance of sixty days would have provided time for
potential jurors to forget the specific details provided by the article.

 We review a trial court's denial of a continuance for a clear abuse of discretion. BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002). An abuse of discretion
occurs when the trial court reaches a decision so arbitrary and unreasonable as to amount to
a clear and prejudicial error of law. Id. 

 Rule 251 of the Texas Rules of Civil Procedure provides in part that a continuance
shall not be granted "except for sufficient cause supported by affidavit, or by consent of the
parties, or by operation of law." Tex. R. Civ. P. 251. In sexually violent predator cases, by
statute, the court may continue a trial if the person is not substantially prejudiced, on the
request of either party, and upon a showing of good cause. Tex. Health & Safety Code
Ann. § 841.063. The statute provides the court may grant a continuance on its own motion. 
Id.

 Though this commitment procedure is civil, cases addressing publicity surrounding
a criminal trial are instructive. A trial court has the discretion to conduct an examination of
the jury panel to determine whether any member of the panel has any knowledge of a case
from an outside source. See McGinnis v. State, 664 S.W.2d 769, 771-72 (Tex. App.--Amarillo 1983, no pet.). The court may order the jury not to read, listen to or watch any
news account of the case. See id. Generally, appellate courts do not reverse for abuse of
discretion when the party asserting prejudice fails to show that any of the jurors read the
article, were prejudiced by the article, formed an opinion of the case based on the article, or
violated the trial court's admonishment to not read the article. See generally Lopez v. State,
628 S.W.2d 77, 81 (Tex. Crim. App. 1982); Hooks v. State, 44 S.W.3d 607, 614-15 (Tex.
App.--Texarkana 2001, pet. ref'd); Hullaby v. State, 911 S.W.2d 921, 927 (Tex. App.--Fort
Worth 1995, pet. ref'd); McGinnis, 664 S.W.2d at 771-72.

 A trial court may also consider testimony or other evidence showing that an individual
cannot receive a fair trial. See generally Esquivel v. State, 595 S.W.2d 516, 519 (Tex. Crim.
App. 1980). In Esquivel, appellant filed a motion for continuance based on the publicity in
his capital murder case. Id. at 518-19. At the hearing on the motion, appellant produced
witnesses that testified that the factual details surrounding the crime and his prior criminal
record had been reported in the media. Id. at 519. The Court of Criminal Appeals noted that
appellant produced no witnesses to testify that he could not receive a fair trial, and he did not
file a motion for change of venue. Id. The Court held that the trial court did not abuse its
discretion in denying the continuance. Id. 

 In this case, the trial court questioned the jury panel, determined the panel was not
influenced by the article, determined the potential jurors could be fair and impartial, and
instructed the jurors not to read or listen to any media concerning the case. Holt failed to
show that the jurors read and were prejudiced by the article, or that any jurors violated the
court's order. He did not produce any witnesses or other evidence to show that he could not
receive a fair trial. 

 Holt contends that because the trial court denied the motion for continuance, he was
denied the opportunity to prepare a motion to transfer venue based on the negative publicity
created by the article. He did not inform the trial court that he was seeking the continuance
to file a motion to transfer venue. Holt failed to preserve any argument regarding the trial
court's refusal to allow him to file a motion to transfer venue. See Tex. R. App. P. 33.1(a). 
 Furthermore, a party seeking a change of venue in civil cases must show there exists
in the county where suit is pending so great a prejudice against a party that the party cannot
receive a fair trial. See Tex. R. Civ. P. 257(a). Generally, even in a criminal case, mere juror
exposure to information concerning a defendant's prior convictions or news accounts of the
crime does not, by itself, raise the presumption that a defendant cannot receive a fair and
impartial trial. See Russell v. State, 146 S.W.3d 705, 710 (Tex. App.--Texarkana 2004, pet.
ref'd). Holt has not shown an actual and identifiable prejudice by members of the jury. He
has not shown that he failed to receive a fair trial.

 Holt's issues are overruled. The judgment is affirmed.

 AFFIRMED. 

 _________________________________

 DAVID GAULTNEY 

 Justice


Submitted on July 18, 2007 

Opinion Delivered October 25, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.