IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00026-CR

No. 10-08-00058-CR

No. 10-09-00156-CR

 

Brian Lancaster,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court Nos. 07-01490-CRF-272,


07-01489-CRF-272, and 07-01491-CRF-272

 



Opinion



 








            Brian Lancaster pleaded
guilty in the underlying cases to criminal solicitation of a minor, indecency
with a child by exposure, and five counts of indecency with a child by contact.[1] 
In a separate trial, “not guilty” pleas were entered on Lancaster’s behalf to
two counts of promotion of child pornography.[2]

            On the charges to which
Lancaster pleaded guilty, the jury found him guilty as instructed by the court
and assessed his punishment at ten years’ imprisonment on the criminal
solicitation and indecency by exposure charges and twenty years’ imprisonment
on the indecency by contact charges.  In the other trial, the jury convicted
Lancaster of both counts of promotion of child pornography and assessed his
punishment at twenty years’ imprisonment for each count.[3] 
The juries in both trials assessed a $10,000 fine for each of the nine
convictions.

            Lancaster contends in what
amounts to seven points[4]
that:

(1)  
his convictions for four
of the five indecency by contact charges and for both promotion of child
pornography charges violate his double jeopardy rights;

 

(2)  
prosecution on these
same four indecency by contact charges and for both promotion of child
pornography charges was improper because the conduct relied on to prove these
charges was subsumed by the conduct relied on to prove the other charge of
indecency by contact;

 

(3)  
prosecution for
criminal solicitation was improper because the conduct relied on to prove this
charge was subsumed by the conduct relied on to prove indecency by exposure;

 

(4)  
the court abused its
discretion by overruling his objection that the prosecutor’s argument during
the punishment phase struck at Lancaster over the shoulders of defense counsel;

 

(5)  
his right to due
process was violated by the court’s entry of judgments nunc pro tunc;

 

(6)  
the court erred by
altering his sentences after he had commenced serving them; and:

 

(7)  
the court abused its
discretion by refusing to permit him to ask during voir dire whether the jurors
could be fair and impartial in a hypothetical case involving sexual molestation
of children.

            

We will affirm.

Double Jeopardy

            Lancaster contends in his
first point[5]
that his conviction and punishment for all but one count of indecency with a
child by contact and his conviction and punishment for both counts of promotion
of child pornography violate the prohibition against double jeopardy.

            Specifically, he argues
that, because of his conviction and punishment for indecency by contact under count
2 of trial court cause no. 07-01489-CRF-272 (appellate cause no.
10-08-00058-CR), his convictions and punishment for the other two counts of
indecency by contact in the same case and his convictions and punishment for
two counts of indecency by contact in trial court cause no. 07-01490-CRF-272
(appellate cause no. 10-08-00026-CR) and for two counts of promotion of child
pornography in the same case are all jeopardy-barred.  He avers that this is a
multiple-punishments claim.

            Before we reach the jeopardy
issue however, we note that Lancaster did not raise this objection at trial.  Nevertheless,
he will be excused from the ordinary rules of procedural default “when the
undisputed facts show the double jeopardy violation is clearly apparent on the
face of the record and when enforcement of usual rules of procedural default
serves no legitimate state interests.”  Gonzalez v. State, 8 S.W.3d 640,
643 (Tex. Crim. App. 2000); Hanson v. State, 180 S.W.3d 726, 732 (Tex.
App.—Waco 2005, no pet.).

            Here, because we have a
complete record, “it can be determined from undisputed facts clearly apparent
on the face of the record” whether there has been a jeopardy violation.  Hanson,
180 S.W.3d at 732 (citing Murray v. State, 24 S.W.3d 881, 889 (Tex. App.—Waco
2000, pet. ref’d)).

            There are three distinct
types of double jeopardy claims: (1) a second prosecution for the same offense
after acquittal; (2) a second prosecution for the same offense after
conviction; and (3) multiple punishments for the same offense.  A multiple
punishments claim can arise in two contexts:

 

      (1) the lesser-included offense
context, in which the same conduct is punished twice;  once for the basic
conduct, and a second time for that same conduct plus more (for example,
attempted assault of Y and assault of Y;  assault of X and aggravated assault of
X); and

 

      (2) punishing the same criminal
act twice under two distinct statutes when the legislature intended the conduct
to be punished only once (for example, causing a single death by committing
both intoxication manslaughter and involuntary manslaughter).

 

Langs v. State, 183 S.W.3d 680, 685 (Tex. Crim. App.
2006) (footnotes omitted).

            Lancaster’s multiple
punishments claim arises under the second alternative, namely, being punished
more than once for the same criminal act when the legislature intended the
conduct to be punished only once.  If, however, the evidence establishes the
commission of “distinct and separate offenses,” then there is no violation of
the Double Jeopardy Clause prohibition of multiple punishments.  See id.
at 688; Martinez v. State, 212 S.W.3d 411, 422 (Tex. App.—Austin 2006,
no pet.); Hanson, 180 S.W.3d at 732-33.

            Counts 2 and 4 of the
indictment in trial court cause no. 07-01489-CRF-272 alleged that Lancaster
engaged in sexual contact with K.M by touching her genitals and breast.  Count
3 of this indictment alleges that he engaged in sexual contact with K.M. by
touching her breast.

            Counts 2 and 3 of the
indictment in trial court cause no. 07-01490-CRF-272 alleged that he engaged in
sexual contact with K.M. by touching her genitals.  Counts 1 and 4 of this
indictment allege that he engaged in the promotion of child pornography by
manufacturing visual material that visually depicted a child engaging in sexual
conduct, “to-wit: actual or simulated lewd exhibition of the genitals.”[6]

            State’s Exhibit No. 130 is a
DVD which depicts eleven separate instances of sexual contact.  Lancaster
suggests that, because these instances all occurred during a relatively brief
period of time[7]
when K.M’s mother left K.M and her sister in Lancaster’s care while she went
Christmas shopping with Lancaster’s former wife, the conduct depicted should be
treated as a single instance of sexual contact.  However, a defendant may be
prosecuted for each discrete sex crime committed against a child during the same
criminal episode “because each act is a separate violation of the child.”  Hanson,
180 S.W.3d at 733 (quoting Lopez v. State, 108 S.W.3d 293, 300 n.28
(Tex. Crim. App. 2003)).

            The second segment in the
DVD depicts Lancaster touching K.M.’s genitals and breast while seated in a
recliner.  The fifth segment depicts him doing the same thing in a bath tub. 
The fourth segment depicts him sitting in the recliner reaching under her shirt
to touch her breast.  Thus, these three segments depict separate instances of
conduct when Lancaster committed indecency by contact as alleged in the indictment
in trial court cause no. 07-01489-CRF-272.

            The third and sixth segments
of this DVD depict two other instances when Lancaster touched K.M.’s genitals. 
Thus, these segments depict separate instances of conduct when Lancaster
committed indecency by contact as alleged in the indictment in trial court
cause no. 07-01490-CRF-272.

            The seventh and eighth
segments of the DVD depict separate instances[8]
when Lancaster uncovered K.M.’s genitals and made a close-up recording of her
genitals.  Thus, these segments depict separate instances of conduct when
Lancaster committed promotion of child pornography as alleged in the indictment
in trial court cause no. 07-01490-CRF-272.

            State’s Exhibit No. 130
depicts at least seven separate incidents when Lancaster engaged in the conduct
alleged in the indictments.  Because the evidence establishes the commission of
“distinct and separate offenses,” there is no violation of the Double Jeopardy
Clause prohibition of multiple punishments.  See Langs, 183 S.W.3d
at 688; Martinez, 212 S.W.3d at 422; Hanson, 180 S.W.3d at 732-33;
Murray, 24 S.W.3d at 889.  Accordingly, we overrule Lancaster’s first
point.

Conduct Subsumed

            Lancaster contends in his
second point[9]
that the judgments of conviction for all but one count of indecency with a
child by contact and for both counts of promotion of child pornography should
be vacated because the conduct relied on to prove the challenged offenses was
subsumed by the conduct relied on to prove indecency by contact under count 2
of trial court cause no. 07-01489-CRF-272 (appellate cause no.
10-08-00058-CR).  He similarly claims in his third point[10]
that the judgment of conviction for criminal solicitation should be vacated
because the conduct relied on to prove this offense was subsumed by the conduct
relied on to prove indecency by exposure under trial court cause no. 07-01491-CRF-272
(appellate cause no. 10-09-00156-CR).

            Lancaster places primary
reliance on Patterson v. State, 152 S.W.3d 88 (Tex. Crim. App. 2004). 
There the Court of Criminal Appeals explained that, although the Legislature
has authorized multiple punishments for the repeated commission of such crimes
against a child during a single criminal episode, “there is nothing in the
language [of the pertinent statutes] to suggest that it intended to authorize ‘stop-action’
prosecution.”  Id. at 92.

Just as a conviction for a completed
offense bars prosecution for an attempt to commit the same offense, a conviction
for an offense set out in § 3.03 bars conviction for conduct that, on the facts
of the case, is demonstrably part of the commission of the greater offense. 
For example, indecency by genital exposure of oneself in the course of manual
penetration of another are separate offenses, while penile contact with mouth,
genitals, or anus in the course of penile penetration will be subsumed.

 

Id.

            As we have explained,
however, if the evidence shows the commission of distinct offenses based on
different (albeit similar) conduct, then the conduct which serves as the basis
for one of the offenses necessarily cannot be subsumed in the conduct which
serves as the basis for commission of the other(s).  See Hanson,
180 S.W.3d at 732-33.

            In addressing Lancaster’s
first point, we explained how State’s Exhibit No. 130 depicts the commission of
factually distinct offenses which provide a separate evidentiary basis for each
of the convictions he challenged in his first point and again challenges in his
second point.  Because this evidence establishes the commission of at least
seven “distinct and separate offenses,” his prosecution for the challenged
convictions is not barred under the principles enunciated in Patterson. 
Id.  Thus, we overrule Lancaster’s second
point.

            In his third point,
Lancaster similarly contends that the conduct relied on to prove criminal
solicitation is barred under Patterson because it is subsumed within the
conduct relied on to prove indecency by exposure.

            The indictment count for
criminal solicitation alleges that Lancaster, with intent that sexual
performance by a child be committed, induced K.C. to allow him to photograph
her vagina.  The indictment for indecency by exposure (the sole count in that
case) alleges that he exposed his genitals to K.C. with the requisite intent.

            In Patterson, the
Court cited as an example of an offense which is not subsumed indecency by
genital exposure committed in the course of aggravated sexual assault by manual
penetration.  See Patterson, 152 S.W.3d at 92.  In the same manner, we
hold that a person soliciting a child to permit him to photograph her vagina is
not subsumed within the act of the person exposing his genitals to the child,
even if done at the same time.  Id.; Hanson, 180 S.W.3d at 732-33. 
Thus, we overrule Lancaster’s third point.

Voir Dire

            Lancaster contends in his
seventh point[11]
that the court abused its discretion by refusing to permit him to ask during
voir dire whether the jurors could be fair and impartial in a hypothetical case
involving sexual molestation of children.  We address this issue in the other
opinion we have issued today in appellate cause nos. 10-08-00025-CR,
10-08-00027-CR, 10-08-00028-CR, 10-08-00029-CR, and 10-08-00030-CR.  We hold
that the court abused its discretion by refusing to permit him to ask the
question but this error, beyond a reasonable doubt, did not contribute to his
conviction.  See Lancaster v. State, No. 10-08-00025-CR, slip op.
at 4-6 (Tex. App.—Waco May 26, 2009, no pet. h.).  Thus, we overrule Lancaster’s
seventh point.

Improper Argument

            Lancaster contends in his
fourth point[12]
that the court abused its discretion by overruling his objection that the
prosecutor’s argument during the punishment phase struck at him over the
shoulders of defense counsel.

            There are four categories of
permissible jury argument: (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) an answer to the argument of opposing counsel;
or (4) a plea for law enforcement.  Gallo v. State, 239 S.W.3d 757, 767
(Tex. Crim. App. 2007).  The State may not strike at a defendant over the
shoulders of defense counsel or accuse counsel of bad faith or insincerity
during argument.  See id.; Harris v. State, 122 S.W.3d 871,
886 (Tex. App.—Fort Worth 2003, pet. ref’d).

            During closing, defense
counsel discussed the impact of Lancaster’s convictions on his family, career
and personal life.  Counsel urged the jury to show mercy in assessing
punishment.  In rebuttal, the State reminded the jury that Lancaster’s actions
had impacted the lives of several children and their families.  After
addressing this for a few moments, the State talked further about Lancaster.

STATE:             Now, I want to talk
about the defendant, too; but I also want to make sure we understand the
context in which we are talking about the defendant.  Mr. Banks said a very
important thing.  He said, “You know, the first time that I went up to the
jail, I expected to meet a pervert, to hate him, to be angry; but when I met
him, oh, he was a nice guy, good at his job, salvageable.  There’s something
good about him.”

 

                           You heard
from their own witness, Charlie Russ, about the concept of grooming.  That is
the stock and trade of the child molester, of the pedophile.  It is—and listen
very carefully, because you are being victimized in exactly the same way—gain
your trust and violate it.  Gain your trust and then violate it.  And that’s
what they are trying to do to you. That’s what this defense is about.  They are
grooming the jury to try and have you think about anything other than the
victims in this case—

 

DEFENSE:        Judge, I object.  That
is striking at the defendant over the remarks of counsel.

 

The State responded that the argument
was invited.  The court overruled the objection.

            We assume without deciding
that the argument was improper.  See Mosley v. State, 983 S.W.2d 249,
258 (Tex. Crim. App. 1998) (“The comments in the present case are milder,
merely indicating that the defense attorneys would attempt to use argument to
divert the jury’s attention or obscure the issues.”); Graves v. State,
176 S.W.3d 422, 430 (Tex. App.—Houston [1st Dist.] 2004, no pet.); Brantley
v. State, 48 S.W.3d 318, 330 (Tex. App.—Waco 2001, pet. ref’d); but cf.
Pope v. State, 161 S.W.3d 114, 126-27 (Tex. App.—Fort Worth 2004) (finding
similar remarks “were not suggestive of bad faith or insincerity on the part of
opposing counsel, but were responsive to arguments of the defense and therefore
not improper”), aff’d, 207 S.W.3d 352 (Tex. Crim. App. 2006).

            To determine whether this
error requires reversal, we consider: (1) the severity of the misconduct; (2)
the measures adopted to cure the misconduct; and, (3) the certainty of the
punishment assessed absent the misconduct.  See Archie v. State,
221 S.W.3d 695, 700 (Tex. Crim. App. 2007); Martinez v. State, 17 S.W.3d
677, 692-93 (Tex. Crim. App. 2000); Searcy v. State, 231 S.W.3d 539, 548
(Tex. App.—Texarkana 2007, pet. ref’d).

            The challenged argument was
at worst mildly inappropriate, so the first factor does not weigh heavily in
Lancaster’s favor.  See Mosley, 983 S.W.2d at 260; Graves,
176 S.W.3d at 430; Brantley, 48 S.W.3d at 331.  The second factor does
not come into play because the court merely overruled Lancaster’s objection, so
this factor weighs in his favor.  See Brantley, 48 S.W.3d at 331. 
Regarding the third factor, the jury assessed the maximum punishment for each
count.  However, Lancaster pleaded guilty to each count, and the State
presented overwhelming evidence of his guilt in addition to extraneous-offense
evidence revealing his guilt of numerous similar offenses for which he was not
indicted.  Thus, the third factor weighs heavily in favor of the State because “it
is likely that the same punishment would have been assessed regardless of the
improper [argument].”  Archie, 221 S.W.3d at 700 (quoting Archie v.
State, 181 S.W.3d 428, 432 (Tex. App.—Waco 2005)); see Martinez, 17
S.W.3d at 693; Mosley, 983 S.W.2d at 260; Searcy, 231 S.W.3d at
550.

            Given the mildness of the
challenged argument and the overwhelming evidence supporting the punishment
assessed, we hold that any error was harmless.  See Martinez, 17
S.W.3d at 694; Mosley, 983 S.W.2d at 260; Searcy, 231 S.W.3d at
550.  Accordingly, we overrule Lancaster’s fourth point.

Judgments Nunc Pro Tunc

            Lancaster contends in his
fifth point[13]
that his right to due process was violated by the court’s entry of judgments
nunc pro tunc without notice or an opportunity to be heard.  He claims in his
sixth point[14]
that the court’s entry of the judgments nunc pro tunc constitutes the erroneous
alteration of his sentences after he had commenced serving them.  We address
these in reverse order.

            At issue are Lancaster’s
sentences for five counts of indecency by contact, a single count of indecency
by exposure, and a single count of criminal solicitation.  The court ordered
that Lancaster’s sentences for indecency by exposure, criminal solicitation,
and one count of indecency by contact run concurrently beginning with the date
of imposition of sentence, November 19, 2007.  The sentences for the other four
counts of indecency by contact were to run consecutively thereafter.

            The court signed the judgments
on November 28.  These judgments recited the concurrent and consecutive
sentences by specifying the cause numbers and counts which were to run concurrently
or consecutively.  For example, the judgment in trial court cause no.
07-01491-CRF-272 provided in pertinent part:

The Court ORDERS that the sentence in
this conviction shall run concurrently with the following judgments and
sentences: Brazos County cause number 07-01489-CRF-272 (Count One), with the
date of sentence imposed being November 19, 2007; and Brazos County cause
number 07-01489-CRF-272 (Count Two), with the date of sentence imposed being
November 19, 2007.

 

            On January 2, 2008, the
court signed judgments nunc pro tunc for each count, specifying the offense of
conviction for each cause number recited in the concurrent/consecutive
sentencing paragraph.  For example, the judgment nunc pro tunc in trial court
cause no. 07-01491-CRF-272 provided in pertinent part:

The Court ORDERS that the sentence in
this conviction shall run concurrently with the following judgments and
sentences: Brazos County cause number 07-01489-CRF-272 (Count One), for the
offense of Criminal Solicitaion [sic] of a Minor and with the date of sentence
imposed being November 19, 2007; and Brazos County cause number
07-01489-CRF-272 (Count Two), for the offense of Indecency with a Child by
Sexual Contact and with the date of sentence imposed being November 19, 2007.

 

            Lancaster’s sixth point
depends on his underlying contention that the cumulation orders in the original
judgments signed in November 2007 were ineffective.  As the argument goes,
because the cumulation orders were ineffective, his sentences ran concurrently,
and the trial court had no authority to correct the ineffective cumulation
orders after he began serving his sentences.  However, we reject the underlying
premise.

            The Court of Criminal
Appeals has identified five recommended elements for a cumulation order:
(1) the cause number of the prior conviction; (2) the name of the trial court
where the prior conviction was taken; (3) the date of the prior conviction; (4)
the term of years of the prior conviction; and (5) the nature of the prior
conviction.  Williams v. State, 675 S.W.2d 754, 763-64 (Tex. Crim. App.
1984); Strahan v. State, 306 S.W.3d 342, 352 (Tex. App.—Fort Worth 2010,
pet. filed).  The purpose of these elements is to enable prison authorities to
know how long to detain the inmate.  Williams, 675 S.W.2d at 764; Strahan,
306 S.W.3d at 351-52.

            The elements are not
mandatory so long as the judgment is “’substantially and sufficiently specific,’
. . . to give notice both to the defendant and to the Department of Corrections
exactly which sentences the instant sentence is cumulated with.”  Williams,
675 S.W.2d at 764 (quoting Ex parte Lewis, 414 S.W.2d 682, 683 (Tex.
Crim. App. 1967)); accord Strahan, 306 S.W.3d at 351-52.  In fact, “a
cumulation order which refers only to a prior cause number is sufficient if the
order is entered in the same court as the sentence to which it is made
cumulative.”  Williams, 675 S.W.2d at 764; see Greer v. State,
No. 03-07-00447-CR, 2008 WL 2938795, at *2 (Tex. App.—Austin July 31, 2008,
pet. ref’d) (not designated for publication); Holder v. State, No.
11-01-00363-CR, 2002 WL 32344923, at *1 (Tex. App.—Eastland Oct. 10, 2002, no
pet.) (per curiam) (not designated for publication).

            Here, the cumulation orders
in the November 2007 judgments contained essentially two of the five
recommended elements: (1) the cause number of the prior conviction; and (2) the
date of the prior conviction.  Although the cumulation orders do recite the
county of the prior conviction, they do not name the particular district court[15]
where the prior conviction was obtained.  However, because all of Lancaster’s
convictions were obtained in the 272nd District Court of Brazos County, the
recitation of the cause numbers of the prior convictions is all that was
required to make the cumulation orders sufficiently specific.  Id.  Therefore, because the original cumulation orders were
sufficiently specific, the trial court’s decision to add more specificity by
judgments nunc pro tunc after Lancaster began serving his sentences did not
constitute an alteration of the sentences.  Thus, we overrule Lancaster’s sixth
point.

            Lancaster contends in his
fifth point that his right to due process was violated by the court’s entry of
the judgments nunc pro tunc without notice or an opportunity to be heard.  We
addressed a similar contention in Popp v. State, No. 10-03-00263-CR,
2004 WL 2306635 (Tex. App.—Waco Oct. 13, 2004, pet. ref’d) (not designated for
publication).

The purpose of a nunc pro tunc order is
to have the court records correctly reflect a judgment actually rendered by the
trial court.  See Jones v. State, 795 S.W.2d 199, 202 (Tex. Crim. App. 1990);
McGinnis v. State, 664 S.W.2d 769, 770 (Tex. App.—Amarillo 1983, pet.
ref’d).  The Court of Criminal Appeals has said, that before any unfavorable
nunc pro tunc orders are entered, the person convicted should be given an
opportunity to be present for the hearing and represented by counsel, in order
to accord him due process of law.  Shaw v. State, 539 S.W.2d 887, 890
(Tex. Crim. App. 1976).  But more recently, the Court has said that if the
trial court properly changed the order, remanding for a hearing would be a “useless
task.”  Homan v. Hughes, 708 S.W.2d 449, 454-455 (Tex. Crim. App. 1986).

 

Id., 2004 WL 2306635, at *1.

            Sending these appeals back
to the trial court for a hearing would be a “useless task.”  See Homan,
708 S.W.2d at 454-55; Popp, 2004 WL 2306635, at *2.  Thus, we overrule
Lancaster’s fifth point.

We affirm the judgments.

 

FELIPE REYNA

Justice




Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurs in the Court’s judgment to the extent it affirms the trial
court’s judgment.  A separate opinion will not issue.)

Affirmed

Opinion
delivered and filed May 26, 2010

Publish

[CRPM]









[1]
              Lancaster pleaded
guilty to the following: (1) trial court cause no. 07-01490-CRF-272 (appellate
cause no. 10-08-00026-CR)—2 counts of indecency by contact; (2) trial court
cause no. 07-01489-CRF-272 (appellate cause no. 10-08-00058-CR)—1 count of
criminal solicitation and 3 counts of indecency by contact; and (3) trial court
cause no. 07-01491-CRF-272 (appellate cause no. 10-09-00156-CR)—1 count of
indecency by exposure.

 





[2]
              Lancaster was
charged in trial court cause no. 07-01490-CRF-272 (counts 1 & 4) (appellate
cause no. 10-08-00026-CR) with 2 counts of promotion of child pornography. 
These charges were severed from the 2 counts of indecency by contact referenced
in note 1 and tried together with 100 counts of possession of child pornography
which we address in a separate opinion being issued on the same date as this
opinion in appellate cause nos. 10-08-00025-CR, 10-08-00027-CR, 10-08-00028-CR,
10-08-00029-CR, and 10-08-00030-CR.

 





[3]
              Lancaster filed 2
separate briefs in appellate cause no. 10-08-00026-CR.  One addresses his
convictions under counts 2 and 3 for indecency by contact, to which he pleaded
guilty, and the other addresses his convictions under counts 1 and 4 for
promotion of child pornography, for which he was separately tried.

 





[4]
              The seven points we
have identified assimilate the points raised in Lancaster’s briefs.  We will
address the points as we have renumbered them here.  As we address each point,
we will indicate how Lancaster has numbered the point in his briefs (e.g.,
point one in cause no. 10-08-00058-CR).





[5]
              Lancaster’s first
point as renumbered consists of: (1) the first point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; (2) the second
point in his other brief in cause no. 10-08-00026-CR challenging the promotion
of child pornography convictions; and (3) the first point in his brief in cause
no. 10-08-00058-CR.





[6]
              Both indictments
alleged that these offenses were committed “on or about December 31, 2006.” 
However, the State is not bound by the date alleged in the indictment so long
as the evidence establishes that the offense was committed before the
presentment of the indictment but within the limitations period.  Sledge v.
State, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997); Lane v. State,
174 S.W.3d 376, 386 n.12 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).

 





[7]
              There is no
testimony in the record regarding how long the shopping trip lasted.  K. M.’s
mother testified that they met Lancaster and the children at a restaurant for
dinner that evening.





[8]
              We need not
determine whether a defendant may be prosecuted both for indecency by contact
and promotion of child pornography for a single video recording depicting the
defendant engaging in sexual contact with a child because the record in this
case contains video recordings of multiple instances of sexual contact.

 





[9]
              Lancaster’s second
point as renumbered consists of: (1) the second point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; (2) the third
point in his other brief in cause no. 10-08-00026-CR challenging the promotion
of child pornography convictions; and (3) the second point in his brief in
cause no. 10-08-00058-CR.

 





[10]
            This is the third
point in Lancaster’s brief in cause no. 10-08-00058-CR.





[11]
            This is the first
point in Lancaster’s brief in cause no. 10-08-00026-CR challenging the
promotion of child pornography convictions.

 





[12]
            Lancaster’s fourth
point as renumbered consists of: (1) the third point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; (2) the fourth
point in his brief in cause no. 10-08-00058-CR; and (3) the first point in his
brief in cause no. 10-09-00156-CR.





[13]
            Lancaster’s fifth
point as renumbered consists of: (1) the fourth point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; (2) the fifth
point in his brief in cause no. 10-08-00058-CR; and (3) the second point in his
brief in cause no. 10-09-00156-CR.

 





[14]
            Lancaster’s sixth
point as renumbered consists of: (1) the fifth point in his brief in cause no.
10-08-00026-CR challenging the indecency by contact convictions; and (2) the
sixth point in his brief in cause no. 10-08-00058-CR.





[15]
            Brazos County has
three district courts.