Richard A. **HOLWAY**, Appellant,

v.

Weslynn **HOLWAY**, Appellee.

No. 6361.

Court of Civil Appeals of Texas, El Paso.

Jan. 23, 1974.

Robert O'Donnell, Dallas, for appellant.

Legg, Saxe & Baskin, Reagan H. Legg, Midland, for appellee.

OPINION

OSBORN, Justice.

This is an appeal from the entry in 1973 of a nunc pro tunc judgment in a divorce case which was originally decided by the trial Court in 1967. The case is affirmed.

In August, 1967, the Appellee, Weslynn Holway, was granted a divorce from the Appellant, Richard A. Holway. The parties at that time entered into a "Settlement Agreement." That Agreement contained several sections which were entitled "In-

ventory," "Property Settlement," "Periodic Support Payments," "Professional Fees" and "Incorporation in Decree." The section entitled "Periodic Support Payments" provided that, in addition to all other amounts payable by Richard A. Holway, he agrees to pay to Weslynn Holway monthly the sum of $350.00. It then provided with regard to the parties' two minor children, Richard Vaughn Holway and William Hart Holway, as follows:

"When, as and if Richard Vaughn Holway is in the custody of Richard A. Holway (it being understood that the term 'custody' as used in this Paragraph shall not refer to nor include periods of visitation voluntarily granted by Weslynn Holway when said child visits with Richard A. Holway, if such occurs), or attains the age of 18 years, or dies, such monthly periodic payment or the balance thereof shall be reduced by $175.00. When, as and if William Hart Holway is in the custody of Richard A. Holway (it being understood that the term 'custody' as used in this Paragraph shall not refer to nor include periods of visitation voluntarily granted by Weslynn Holway when said child visits with Richard A. Holway, if such occurs), or attains the age of 18 years, or dies, such monthly periodic payment or the balance thereof shall be reduced by $175.00."

The last section of the Settlement Agreement provided that, upon entry of a decree of divorce, the Settlement Agreement should be incorporated therein and approved by the Court. On the day after the execution of the Settlement Agreement, a hearing was had in the Court of Domestic Relations and a Judgment of Divorce was entered in the case. That judgment recited that the parties had entered into an agreement " * * * in writing concerning the support of the minor children of the parties and the division of their community estate, * * *," which the Court found to be " * * * fair, just and equitable to both parties and that the support matters agreed to therein are in the best

interests of the parties and of the minor children of the parties:". Accordingly, the Court approved the agreement and made it a part of the judgment. The judgment in the first full paragraph on page three then ORDERED, ADJUDGED and DECREED that

"Richard A. Holway, shall pay into the registry of this Court and by the Clerk transmitted to plaintiff, Weslynn Holway, the sum of Three Hundred Fifty Dollars ($350.00) per month, the first such payment to be due and payable on September 1, 1967, and a like payment being due and payable on the first day of each succeeding month thereafter, except for any month or part of month in which the parties are not living separate and apart from one another."

This paragraph of the judgment concluded with the same language used in the Settlement Agreement, as noted earlier in this opinion, which terminates one-half of this payment when each child reaches age 18 or dies. This part of the judgment did not expressly recite that such payments were for child support, and therein lies the reason for the nunc pro tunc judgment and this appeal.

Apparently after receiving such payments for several years, a federal income tax question arose as to whether the monthly payments were paid and received "as child support payments." This led to Appellee seeking the nunc pro tunc judgment, which the trial Court entered in July, 1973.

That judgment provided in part, as follows:

" * * * the Court proceeded to consider the pleadings, evidence and argument of counsel, and being of opinion that the judgment rendered by this Court on August 17, 1967, failed, by reason of clerical error, to fully recite the findings of this Court with reference to payment of child support, * * * :

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED by the

Court that the first full paragraph on page three of the aforesaid judgment on file herein be, and the same is hereby, corrected by inserting the words 'as child support of and for the minor children of the parties' following the words 'this Court' on line three of page three of such judgment, and before the words 'and by the Clerk transmitted to plaintiff, Weslynn Holway' on said line."

The Appellant's only complaint is that the trial Court erred in finding that a clerical error existed as a predicate to entering a judgment nunc pro tunc. At the hearing, prior to the entry of the judgment in July, 1973, there was offered into evidence the Court docket sheet from the prior hearing in 1967. That sheet bears the following notation of the presiding judge:

"P and atty present. P granted a divorce, awarded custody of the 2 children, & D ordered to pay into ct as c/s 175.00 per mo for each child payable 1st of ea. mo. beginning Sept. 1, 1967. Property Agreement approved."

At such hearing the presiding judge, who entered the original judgment, said:

"I have always, as a matter of policy, even where the settlement agreement between the parties expressly states that one of the parties shall pay so much money for child support, where I approve the settlement agreement, I have made a separate entry and order that child support payments be made. The Court cannot rely on the contract to hold the father in contempt for failure to pay what the contract says, but it can hold him in contempt for an order of the Court that he make the payments which are ordered in the judgment. I have done that as a matter of course, regardless of what the settlement between the parties is, even if it expressly states in there that child support payments in such and such amount shall be made, and even though the amount that I order in my judgment and on my docket is the same

as that in the contract, I still ask the attorneys to put it in the judgment of divorce, so this Court will have some leverage on the non-custodian on the payment of child support.

Again Article 4639a says, 'The Court shall make such orders regarding custody and support of each such child or children as is for the best interest of same.'

Now, my judgment in this case was rendered in open court, stating in open court; that the divorce was granted, the children were awarded to the Petitioner, and that the 'Defendant is ordered to pay into Court as child support $175.00 per month for each child, payable the 1st of each month, beginning September 1, 1967.' And then it says, 'Property Agreement approved.'

If I was simply going to approve the Property Settlement Agreement, without making a special order, I would have just said, 'Property Agreement approved.', but I didn't do that. I made the specific order, my announcement in open court, and on my docket entry, at the same hour."

Rules 316 and 317, Texas Rules of Civil Procedure, permit the correction of any mistakes in a judgment upon an application and notice to the opposite party. The purpose of a nunc pro tunc order is to correctly reflect from the records of the Court a judgment actually made by it, but which for some reason was not entered of record at the proper time. Finnigan-Brown Co. v. Escobar, 192 S.W. 256 (Tex.Civ.App.—El Paso 1917, no writ). In that case, Justice Higgins writing for this Court said:

"The question is, Did the court in fact render the judgment which the nunc pro tunc entry evidences, and is there any proper evidence to show that such was the fact?"

It would seem that there can be no better evidence of the trial Court's decision

as announced from the bench at the time of the original hearing, than his own handwritten entry on the docket sheet, made at the conclusion of the hearing, that the Defendant (Appellant herein) was ordered to pay into Court as child support $175.00 per month for each child. His finding in the judgment nunc pro tunc of a clerical error was consistent with and fully supported by the docket sheet entry of August 17, 1967. And since the nunc pro tunc entry was to correct the earlier judgment, not the Settlement Agreement, the real issue was what was the original intention of the trial judge and not the intention of the parties, at that time.

In Ledbetter v. Ledbetter, 390 S.W.2d 403 (Tex.Civ.App.—Waco 1965, writ dism'd), the trial Court entered a nunc pro tunc judgment in a divorce case so as to include in a judgment certain property which the trial Court originally intended to award to a party but which had been deleted from both the settlement agreement and original judgment. In affirming that action, the Appellate Court said:

"The fact that the judgment as finally signed and entered did not conform with the adjudication and judgment of the Court from the bench, entitles appellee to judgment nunc pro tunc conforming the judgment to that as rendered by the Court.

Rule 316, Texas Rules of Civil Procedure provides that mistakes in the record of any judgment may be amended by the judge in open court, according to the truth or justice of the case, provided reasonable notice is given the opposite party of an application to enter a judgment nunc pro tunc. Moreover, courts have inherent power to correct their judgments by entry nunc pro tunc, so as to properly and correctly recite the true action taken. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289; Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Mahaley v. Jenkins, Tex.Civ.App. (n. w. h.), 369 S.W.2d 846; Truelove v. Truelove,

Tex.Civ.App., Er. Ref., 266 S.W.2d 491; Wiseman v. Zorn, Tex.Civ.App. (n. w. h.), 309 S.W.2d 253.

Under the authorities cited, the Trial Court here had authority by a judgment nunc pro tunc to correct the 1959 judgment to make it reflect the actual proceedings had and what was in fact adjudged by the Court."

Finding no error in the entry of the judgment nunc pro tunc, the case is in all things affirmed.