Stephen **ALVAREZ** and Barry **Johnson,** Appellants,

v.

The **STATE** of Texas, Appellee.

No. 65097.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 8, 1980.

Vincent F. Fialho, Fort Worth, for appellants.

Tim Curry, Dist. Atty., William Kane, and C. Chris Marshall, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from final judgment forfeiting an appearance bond. Appellants were the principal and surety, respectively, on an appearance bond in the amount of $4,000.00.

In two related contentions, appellants maintain that neither the evidence nor the judgment nisi support the final judgment. These contentions are based upon a variance between the judgment nisi which recites a failure to appear in Criminal District Court Number Two on June 29, 1979, and the final judgment entered in Criminal Dis-

trict Court Number Three on February 7, 1980, which recites that no sufficient cause is shown why the principal did not appear "in this court" on June 29, 1979. No transfer order appears in the record. This Court has previously found similar contentions to have merit in *George v. State*, 589 S.W.2d 428 and *Smith v. State*, 548 S.W.2d 407.

The State maintains that appellants' contentions are not supported by the record due to Criminal District Court Number Two entering a final judgment, nunc pro tunc, on August 14, 1980, which recites that no sufficient cause is shown why the principal did not appear "in this court" on June 29, 1979. By way of a supplemental brief, appellants now advance four contentions in which they maintain that the trial court erred in entering the final judgment, nunc pro tunc.

In their first supplemental ground of error, appellants maintain that the error in the February 7th final judgment was a judicial error which could not be corrected more than thirty days after the entry of such judgment.

The record reflects that in entering the final judgment, nunc pro tunc, the court fund that as a result of clerical error the original final judgment had erroneously recited that it was entered in Criminal District Court Number Three. Dorothy Wrinkle, Deputy District Clerk of Tarrant County, testified at the hearing held on the State's motion for the entry of a final judgment, nunc pro tunc. Wrinkle stated that she had prepared the original final judgment in this cause and had mistakenly indicated that the judgment was entered in Criminal District Court Number Three. She related that the hearings on both the judgment nisi and original final judgment had been held in Criminal District Court Number Two. The final judgment, nunc pro tunc, was entered by the trial court some six months after the original final judgment.

■ The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not en-tered of record at the proper time. *Holway v. Holway*, 506 S.W.2d 643 (Tex.Civ.App.–El Paso, 1974, no writ). Even though thirty days have passed after the entry of a judgment, a trial court retains the power to enter a nunc pro tunc order correcting any "clerical error" which may appear in the judgment. *Quintanilla v. Seagraves Ford Inc.*, 522 S.W.2d 274 (Tex.Civ.App.–Corpus Christi, 1975, no writ). Whether an error is judicial or clerical in nature has been held to be a question of law. *Mathes v. Kelton*, 569 S.W.2d 876 (Tex. 1978). It has been noted that an error in the entry of a judgment will be styled as "clerical" in nature, so long as the error did not come about as the product of judicial reasoning. *Nolan v. Bettis*, 562 S.W.2d 520 (Tex.Civ.App.–Austin, 1978, no writ).

■ We conclude that the misrecital in the February 7th final judgment was the result of a clerical error. As such an error, the trial court had authority to enter a final judgment, nunc pro tunc, more than thirty days after the entry of the original final judgment.

■ In their fourth supplemental ground of error, appellants contend that the trial court erred in correcting a final judgment which had previously been rendered by a different judge. The record reflects that the original final judgment was signed by the Honorable Charles Lindsey while the final judgment, nunc pro tunc, was signed by the Honorable Tom Cave.

Clearly, any of the judges of the District Courts of Tarrant County have jurisdiction to sit in any district court of the county, and may hear and determine any part of any case or proceeding pending in any of the district courts in the county. See, *Collins v. Miller*, 443 S.W.2d 298 (Tex.Civ. App.–Austin 1969, writ ref'd n. r. e.); *Peach v. State*, 498 S.W.2d 192 (Tex.Cr.App.). Appellants' fourth supplemental ground of error is without merit.

In their third supplemental ground of error, appellants maintain that Criminal District Court Number Two did not have jurisdiction to enter a final judgment, nunc

pro tunc. They contend that the court had no authority to correct a judgment previously entered by another court.

■ Appellants' contention assumes that the original final judgment was in fact entered by Criminal District Court Number Three. However, we earlier concluded that due to a clerical error, the judgment erroneously recited that it was entered by Criminal District Court Number Three. Clearly, Criminal District Court Number Two has the authority to correct any mistake or misrecital in its previously entered judgment. See, *Siberstein v. State*, 522 S.W.2d 562 (Tex.Civ.App.–Austin, 1975, no writ). Also see, Tex.R.Civ.P. 316 and 317.

In their second supplemental ground of error, appellants contend that the trial court erred in admitting extrinsic evidence during the hearing at the conclusion of which the final judgment, nunc pro tunc, was entered. They direct our attention to two exhibits admitted into evidence over their objection. These exhibits are made up of various bond forfeiture setting forms and the copy of an administrative assignment wherein the Honorable Charles Lindsey was assigned to Criminal District Court Number Two at the time the original final judgment was entered. These documents were not admitted into evidence at the time the original final judgment was entered.

With regard to the relationship between the Parol Evidence Rule and judicial records, it has been stated:

"Judicial records form a distinct class. They may be operative directly to change legal relations, as in the case of a judgment, which may impose a debt, or which may transfer the title to land. Or, on the other hand, they may be merely recitative, such as a recital of service in a judgment. In either event, the judicial record (and what is part of the record is a matter not appropriate for discussion here) is protected by the Parol Evidence Rule and its effect cannot be added to, subtracted from, or altered, by evidence of any other facts or expressions. This rule, however, is subject to one signal exception, necessary to escape intolerable injustice, and that exception is that such evidence to dispute the correctness of the record is receivable in a direct proceeding for the correction of the record." 2 R. Ray, Texas Practice, Texas Law of Evidence Civil and Criminal, Sec. 1615 (3rd. Ed. 1980).

Thus, in *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402 (Tex. 1971), it was noted that corrections in a judgment could be made on the basis of parol evidence consisting of the judge's own recollection and oral evidence. Likewise, in *Ft. Worth & D.C. Ry. Co. v. Roberts*, 98 Tex. 42, 81 S.W. 25 (1904), it was held that extrinsic evidence was admissible to aid in the rendition of a nunc pro tunc order.

■ The exhibits in the instant case were offered to correct a clerical error in the original final judgment. The hearing on the State's motion was in a direct proceeding brought in which to correct the judgment originally entered. We find no error in the trial court admitting extrinsic evidence to aid in the rendition of a correct final judgment. Appellants' second supplemental ground of error is overruled.

Having concluded that the trial court did not err in entering the final judgment, nunc pro tunc, appellants' contentions that neither the evidence nor the judgment nisi support the final judgment are not supported by the record. The judgment nisi and final judgment, nunc pro tunc, were entered by Criminal District Court Number Two.

The judgment is affirmed.