IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-49,324-03 & WR-49,324-04






EX PARTE DERRICK WAYNE LANGLEY, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. W92-45728-K(B) & W92-45729-K(B) IN THE CRIMINAL
DISTRICT COURT NO. 4

FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of murder and received concurrent life sentences. No direct appeals were taken.

 On, May 16, 2001, this Court denied Applicant's previous application challenging these
convictions. On December 28, 2007 Applicant filed these subsequent applications, challenging the
same convictions, in the district court. The instant applications fail to contain sufficient specific
facts establishing that the current claims and issues could not have been presented previously or by
a preponderance of the evidence, but for a violation of the United States Constitution, no rational
juror could have found Applicant guilty beyond a reasonable doubt. Under such circumstances, this
Court may not consider the merits of the instant applications or grant relief on the instant
applications. Tex. Code Crim. Proc. art. 11.07 §4.

 However, the habeas records in these two causes reflect a discrepancy between the charges
to which Applicant pleaded and the judgments in the two causes. While the plea papers show that
Applicant pleaded guilty to two charges of murder, the judgments reflect one conviction for murder,
and one conviction for attempted capital murder. This discrepancy could be corrected via a
judgment nunc pro tunc, as it appears to be a clerical, rather than a judicial error. See Alvarez v.
State, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980).


Filed: March 5, 2008

Do not publish