IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,718-01







EX PARTE DANA LYNN ATTAWAY, AKA DANA LYNN RAGSDALE,
Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 0619071A IN THE 8TH JUDICIAL DISTRICT COURT

FROM HOPKINS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged by indictment with
one count of aggravated sexual assault of a child, three counts of indecency with a child by contact,
and two counts of indecency with a child by exposure. According to the plea documents and the
judgments, Applicant pleaded guilty to six counts of aggravated sexual assault of a child and was
sentenced to twenty years' imprisonment on each count, to be served concurrently. She did not
appeal her conviction. 

 Applicant contends, inter alia, that her plea was involuntary and that her trial counsel was
ineffective for advising her to enter into the plea agreement. This Court remanded to the trial court
for findings of fact and supplementation of the habeas record. Trial counsel submitted an affidavit
detailing his actions in this cause, and the trial court entered findings of fact that Applicant
understood the consequences of her guilty plea. 

 However, it appears from the supplemental record that Applicant pleaded guilty in five of
the six counts to offenses more serious than those with which she was charged in the indictment. 
In the case of the two counts of indecency with a child by exposure, the twenty-year sentences
Applicant received are outside the punishment range for the offenses as charged in the indictment. 
These discrepancies may be the result of clerical errors in the plea papers and judgments, (1) or may
be the result of some factors not reflected in the supplemental record. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
did indeed plead guilty to offenses more serious than those with which she was charged, and if so
how this occurred. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 5, 2008

Do not publish

1. If an error is clerical, rather than the product of judicial reasoning, it may be corrected by
a judgment nunc pro tunc. See Alvarez v. State, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980).