

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00428-CR

**IN RE** Robert **HUFFMAN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 17, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On July 8, 2103, relator Robert Huffman filed a petition for writ of mandamus complaining of the trial court's order denying his motion for judgment nunc pro tunc. For the following reasons, we deny the petition for writ of mandamus.

On January 6, 1998, Huffman was convicted of the felony offense of possession of a prohibited firearm. *See* TEX. PENAL CODE ANN. § 46.05(a) (West Supp. 2012). Huffman entered into a plea agreement under which he was sentenced to a maximum of two years in state jail, which was suspended pending the completion of four years' probation and payment of a $1,000.00 fine. The trial court revoked Huffman's probation in 2001 and Huffman discharged his sentence and was released on parole in 2002.

---

[1] This proceeding arises out of Cause No. 1997CR4592, styled *The State of Texas v. Robert Huffman*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Angus McGinty presiding.

Huffman was subsequently convicted of failing to stop and render aid by a jury in 2006. *See* TEX. TRANSP. CODE ANN. § 550.021 (West 2011). Huffman was sentenced to twenty years' imprisonment and a fine of $10,000.00. This court affirmed the judgment of conviction in Huffman's direct appeal in Cause No. 04-06-00126-CR. *Huffman v. State*, 234 S.W.3d 185, 187 (Tex. App.—San Antonio 2007), *aff'd*, 267 S.W.3d 902 (Tex. Crim. App. 2008). One of the issues raised in Huffman's appeal was that the jury was erroneously instructed about an enhancement allegation during the punishment phase of his trial. *Id*. This court overruled Huffman's issue. *Id*. at 198.

Huffman filed a motion for judgment nunc pro tunc in the trial court in March 2013. In his motion, Huffman asserted there had been either a clerical error or "an intentional alteration of a governmental document" in the 1998 judgment of conviction which caused the improper enhancement of his 2006 sentence and has resulted in his current unlawful confinement. The trial court denied the motion for judgment nunc pro tunc, concluding there was no error in the defendant's judgment. Huffman now seeks mandamus relief from this court, requesting an order compelling the trial judge to conduct an evidentiary hearing on the motion for judgment nunc pro tunc, issue a bench warrant to allow Huffman to participate and grant the relief requested in the motion for judgment nunc pro tunc.

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). An error in the entry of judgment is clerical if it did not arise as the result of judicial reasoning. *Id*. The trial court has found that the judgment in this instance accurately reflected the trial court's action. While Huffman contends, in part, the alleged error may have been clerical in nature, the record does not support

his assertion. Therefore, we cannot conclude the trial court clearly abused its discretion in denying the motion for judgment nunc pro tunc.

To the extent Huffman complains of a judicial, rather than a clerical, error in the judgment of conviction, the trial court did not abuse its discretion in denying the motion for judgment nunc pro tunc because judicial error, if any, is not susceptible to correction by nunc pro tunc. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). Huffman raised the issue of improper enhancement in the direct appeal of his 2006 conviction, which was overruled.

In addition to the petition for writ of mandamus, Huffman also filed in this court, a document entitled "Notice of Appeal from Nunc Pro Tunc Order by Pro-Se Appellant" which was combined with the mandamus petition and assigned a single cause number. To the extent Huffman is seeking to appeal from the trial court's order denying his motion for judgment nunc pro tunc, we do not have jurisdiction to consider such an appeal. *See Reyes v. State*, No. 04-12-00267-CR, 2012 WL 2602965, at *1 (Tex. App.—San Antonio July 5, 2012, no pet.) (not designated for publication) (denial of motion for judgment nunc pro tunc is not an appealable order, proper remedy is by petition for writ of mandamus); *see also Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.). Accordingly, any appeal from the trial court's order is dismissed for lack of jurisdiction.

Because we conclude the trial court did not abuse its discretion in denying relator's motion for judgment nunc pro tunc, this court is of the opinion that relator is not entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH