

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00427-CR

**IN RE** Harold **BOWENS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
              Marialyn Barnard, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  August 28, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On July 8, 2013, relator Harold Bowens filed a petition for writ of mandamus complaining of the trial court's failure to rule on his "Motion Nunc Pro Tunc to Correct Judgment and Sentence." The trial court signed an order denying relator's motion on July 15, 2013, and this court subsequently issued an opinion on August 7, 2013 denying relator's mandamus petition as moot.[2] Relator then filed a supplemental petition in this court complaining of the trial court's denial of his motion nunc pro tunc. For the following reasons, we deny relator's supplemental petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 1985CR3726W, styled *The State of Texas v. Harold Bowens*, pending in the 290th Judicial District Court, Bexar County, Texas, the Honorable Melisa Skinner presiding.
[2] *In re Harold Bowens*, No. 04-13-00427-CR, 2013 WL 4010202 (Tex. App.—San Antonio Aug. 7, 2013, orig. proceeding).

Bowens was charged with capital murder in 1985 in connection with the shooting death of an electronics store clerk that occurred during a robbery. Bowens, who was then represented by appointed counsel, waived his right to be prosecuted by indictment of a grand jury and agreed to testify against his co-defendant and plead guilty to a reduced charge of non-capital felony murder in exchange for the State's agreement to recommend a life sentence. The life sentence carried with it the possibility of parole.

Bowens filed a pro se motion for judgment nunc pro tunc in the trial court in April 2013. In his motion, Bowens asserted he was actually innocent of the offense of murder and that the 1985 judgment of conviction was erroneous and based on an improperly obtained plea bargain agreement which has affected his eligibility for parole. The trial court denied the motion for judgment nunc pro tunc, concluding there was no error in the defendant's judgment. Bowens now seeks mandamus relief from this court, requesting that he be released on parole due to the alleged breach of the plea agreement. In his supplemental mandamus petition, Bowens asserts the repeated denials of his applications for parole are, "not what the judge had in mind" at the time of the plea agreement.

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). The trial court retains the power to correct clerical errors appearing in the judgment by nunc pro tunc order even after the expiration of plenary power. *Id*. An error in the entry of judgment is considered "clerical" if it did not arise as the result of judicial reasoning. *Id*. The trial court has found that the judgment in this instance accurately reflected the trial court's action. While Bowens appears to contend, in part, the alleged error may have been clerical in nature, the record does not support his assertion. Therefore,

we cannot conclude the trial court clearly abused its discretion in denying the motion for judgment nunc pro tunc.

To the extent Bowens complains of a judicial, rather than a clerical, error in the judgment of conviction, the trial court did not abuse its discretion in denying the motion for judgment nunc pro tunc because judicial error in the entry of judgment, if any, is not susceptible to correction by nunc pro tunc. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). No direct appeal was taken from Bowens's judgment of conviction.

In his supplemental filing in this court, Bowens included a document entitled "Appeal of Denied Motion for Nunc Pro Tunc Correction of Erroneous Sentence." To the extent Bowens is seeking to appeal from the trial court's order denying his motion for judgment nunc pro tunc, we do not have jurisdiction to consider such an appeal. *See Reyes v. State*, No. 04-12-00267-CR, 2012 WL 2602965, at *1 (Tex. App.—San Antonio July 5, 2012, no pet.) (not designated for publication) (denial of motion for judgment nunc pro tunc is not an appealable order, proper remedy is by petition for writ of mandamus); *see also Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.). Any appeal from the trial court's order is dismissed for lack of jurisdiction.

Because we conclude the trial court did not abuse its discretion in denying relator's motion for judgment nunc pro tunc, this court is of the opinion that relator is not entitled to mandamus relief. Accordingly, relator's supplemental petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH