

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00424-CR

**IN RE** Vicente **REYES**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  June 25, 2014

PETITION FOR WRIT OF MANDAMUS DENIED

On June 13, 2014, relator Vicente Reyes filed a pro se petition for writ of mandamus complaining of the trial court's order denying his motion for judgment nunc pro tunc. For the following reasons, we deny the petition for writ of mandamus.

In 2007, Reyes was tried by a jury on a multiple-count indictment. He was ultimately convicted and sentenced on five counts of aggravated sexual assault and two counts of indecency with a child, while other counts contained in the indictment were abandoned by the prosecution at trial and not presented to the jury. This court affirmed Reyes's conviction on direct appeal in Appeal No. 04-07-00203-CR. *See Reyes v. State*, 274 S.W.3d 724, 732 (Tex. App.—San Antonio 2008, pet. ref'd).

---

[1] This proceeding arises out of Cause No. 2006CR6988, styled *The State of Texas v. Vicente Reyes*, in the 290th Judicial District Court, Bexar County, Texas, the Honorable Melisa Skinner presiding.

Several years later, Reyes filed a motion for judgment nunc pro tunc in the trial court, seeking the entry of a judgment of acquittal on the counts abandoned by the prosecutor at trial. The trial court denied the request for judgment nunc pro tunc on March 26, 2012, concluding there was no error in the defendant's judgment. Reyes now seeks mandamus relief, requesting that this court direct the trial court to enter a judgment of acquittal on the abandoned counts. Reyes also contends that the trial court lacked jurisdiction to enter the convictions and sentences on the counts that were presented to the jury, rendering his trial illegal and his convictions void.

We agree with the trial court's denial of the motion for judgment nunc pro tunc. "The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). Even long after the entry of judgment, a trial court retains the power to correct any clerical error which may appear in its judgment by a nunc pro tunc order. *Id*. However, mandamus will issue to direct the entry of a judgment nunc pro tunc only if the defendant's right to the requested relief is absolutely indisputable. *See In re Brown*, 343 S.W.3d 803, 804 (Tex. Crim. App. 2011). The trial court found that the judgment of conviction entered in 2007 accurately reflected the jury's determination and the trial court's action. The record does not reveal any clerical error in the entry of the judgment. Therefore, we cannot conclude the trial court clearly abused its discretion in denying Reyes's motion for judgment nunc pro tunc.

Because we conclude the trial court did not abuse its discretion in denying relator's motion for judgment nunc pro tunc, relator is not entitled to the relief sought by mandamus. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH