

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00044-CR

**IN RE** Nicholas Alexander **DONNAN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  February 11, 2015

PETITION FOR WRIT OF MANDAMUS DENIED

On January 30, 2015, relator Nicholas Alexander Donnan filed a petition for writ of mandamus complaining of the trial court's orders denying relator's motions for judgment nunc pro tunc in two underlying criminal causes. For the following reasons, we deny the petition for writ of mandamus.

In Cause No. 2008CR9131, Donnan was convicted of the felony offense of robbery and placed on probation. *See* TEX. PENAL CODE ANN. § 29.02 (West 2011). Donnan was subsequently convicted on a separate charge of theft in Cause No. 2013CR7844W. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2014). As a result of the theft conviction, Donnan's probation for the 2008 robbery charge was revoked. No direct appeal was taken from either conviction.

---

[1] This proceeding arises out of Cause Nos. 2008CR9131 and 2013CR7844W, both styled *The State of Texas v. Nicholas Alexander Donnan*, and both pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Kevin M. O'Connell presiding.

Donnan filed motions for judgment nunc pro tunc in Cause No. 2008CR9131 and Cause No. 2013CR7844W in January 2015. The trial court denied the motions for judgment nunc pro tunc, concluding there was "no error in the defendant's judgment." Donnan asserts in this mandamus proceeding that he is entitled to "all time credits claimed," and the trial court abused its discretion in denying his motions.

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). The trial court has found that the judgments in this instance accurately reflect the trial court's actions. There is nothing in the record to suggest that any clerical error was made in the entry of the judgments at issue. Therefore, we cannot conclude the trial court clearly abused its discretion in denying the motions for judgment nunc pro tunc.

To the extent Donnan contends there was a judicial, rather than a clerical, error in the judgments of conviction, the trial court did not abuse its discretion in denying the motions for judgment nunc pro tunc as judicial error, if any, is not susceptible to correction by nunc pro tunc. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

Because we conclude the trial court did not abuse its discretion in denying relator's motions for judgment nunc pro tunc, Donnan is not entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH