

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00173-CR

**IN RE** Stephen Guy **FOSTER**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
             Luz Elena D. Chapa, Justice
             Jason Pulliam, Justice

Delivered and Filed:  April 15, 2015

PETITION FOR WRIT OF MANDAMUS DENIED

On March 27, 2015, relator Stephen Guy Foster filed a pro se petition for writ of mandamus complaining of the trial court's order denying his motion for judgment nunc pro tunc. For the following reasons, we deny the petition for writ of mandamus.

Foster was arrested in March 2013 and charged with the felony offense of intoxication assault. *See* TEX. PENAL CODE ANN. § 49.07 (West 2011). He was released on bond the following day, after signing a pre-trial agreement establishing the conditions of his release. In December 2014, Foster entered into a plea agreement on the charge, accepting a five-year sentence. Foster has remained incarcerated since that time.

---

[1] This proceeding arises out of Cause No. 2013CR8420, styled *The State of Texas v. Stephen Guy Foster*, pending in the 437th Judicial District Court, Bexar County, Texas, the Honorable Lori I. Valenzuela presiding.

Foster filed a motion for judgment nunc pro tunc in the trial court in February 2015. In his motion, Foster asserted he was entitled to additional time credits for the time he served on pre-trial release. The trial court denied the motion for judgment nunc pro tunc, concluding there was no error in the defendant's judgment. Foster now seeks mandamus relief from this court, requesting an order compelling the trial judge to amend the final judgment of conviction and sentence to correct a clerical error.

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). An error in the entry of judgment is clerical if it did not arise as the result of judicial reasoning. *Id*. The trial court has found that the judgment in this instance accurately reflected the trial court's action. Although Foster contends the alleged error in his sentence may have been clerical in nature, the record does not support his assertion. Therefore, we cannot conclude the trial court clearly abused its discretion in denying the motion for judgment nunc pro tunc.

Because we conclude the trial court did not abuse its discretion in denying relator's motion for judgment nunc pro tunc, this court is of the opinion that relator is not entitled to the relief sought by mandamus. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH