**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00333-CR**
**NO. 09-18-00334-CR**
**NO. 09-18-00335-CR**

_____

**DOUGLAS MICHAEL MITCHELL II, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 16-07-07650-CR, 16-07-07903-CR, 16-07-07920-CR**

**MEMORANDUM OPINION**

Douglas Michael Mitchell II appeals the trial court's judgments stacking his sentences following convictions by a jury on three separate counts of indecency with a child by contact, a second-degree felony. *See* Tex. Penal Code Ann. § 21.11(a)(1). Mitchell elected to have the jury assess punishment. The jury assessed punishment of incarceration in the Institutional Division of the Texas Department of Criminal

1

Justice for three years in trial cause number 16-07-07650, ten years in trial cause number 16-07-07903, and four years in trial cause number 16-07-07920. In a single issue on appeal, Mitchell complains that the judgments stacking the sentences were inconsistent with the trial court's oral pronouncement. We affirm the trial court's judgments.

**Background**

A Montgomery County grand jury indicted Mitchell for three separate counts of indecency with a child by contact. Prior to trial, the State filed a motion to cumulate the sentences. Before orally pronouncing the sentences, the trial court held a brief hearing on the State's motion to cumulate and granted the State's motion thereafter. Following its oral pronouncement, the trial court entered judgments reflecting that the sentences would run consecutively.[1]

Mitchell argues on appeal that the trial court did not exercise its discretion to stack the sentences when the trial judge orally pronounced each sentence, and specifically points to the trial court's statement that each sentence should

---

[1] The original judgments noted that the sentences were to run consecutively. However, the original judgments noted "see below" for additional information pertaining to the consecutive sentences, but none of the original judgments contained the language specifying the sequence in which the sentences were to run. Thereafter, the trial court entered a judgment nunc pro tunc in each trial cause, which included the language specifying the sequence in which the sentences would run.

"commence this day[.]" Our review of the record reveals that during the hearing on the State's motion to cumulate the sentences, held immediately before the trial court's oral pronouncement, the trial court explained that

> [h]aving heard the argument of counsel and having considered all of the evidence in both phases of these cases, I do find that the sentences of three, four, and ten years should be served cumulatively; that they should be stacked and not served concurrently. And that will be the order of this Court.

Following a brief recess after the trial court's ruling on the motion to cumulate, the trial court proceeded to orally pronounce Mitchell's sentence. The trial court pronounced the sentence for each cause number, stating after each one that the sentence would "commence this day[;]" however, after going through each sentence individually, the court orally pronounced that the "sentences shall run cumulatively and shall be stacked."

**Analysis**

The trial court has the discretion to cumulate sentences. *See* Tex. Code Crim. Proc. Ann. art. 42.08. In all felony cases, the "sentence shall be pronounced in the defendant's presence." *Id.* art. 42.03, § 1(a). If a "defendant is convicted of more than one offense in the same proceeding, the court must pronounce whether the sentences will run concurrently or consecutively." *Aguilar v. State*, 202 S.W.3d 840, 842 (Tex. App.—Waco 2006, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art.

3

42.08; *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002); *Nicholas v. State*, 56 S.W.3d 760, 767 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)). A trial court's written judgment only memorializes the oral pronouncement. *Id.*; *Madding*, 70 S.W.3d at 135.

If there is a variation between the written judgment and the oral pronouncement of sentence, then the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *see also Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The Waco Court of Appeals explained in *Aguilar* that not every "variation" invokes the rule pronounced in *Coffey*. *See Aguilar*, 202 S.W.3d at 843. Rather, it noted that "if there is a *conflicting* variation, the oral pronouncement will control." *See id.* (emphasis added); *see also Taylor*; 131 S.W.3d at 500 ("When there is a *conflict* between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls.") (emphasis added).

Mitchell contends the trial court's oral pronouncement did not indicate his sentences should run consecutively, and therefore, the written judgments should be reformed to reflect that the sentences run concurrently. Mitchell specifically argues that despite the trial court's granting of the State's motion to cumulate, "it still failed to exercise its discretion to stack sentences during the official oral pronouncement

4

of sentence in each cause." Mitchell points to the fact that the trial court ordered that the sentences in each cause "commence this day" and interprets that to mean the sentences are to run together. We disagree.

Although the trial court's statement that each sentence would "commence this day" may have created ambiguity, we do not view this as being a conflict between the written judgments and the oral pronouncement. *See Aguilar*, 202 S.W.3d at 843. We read the jury's punishment verdict, the court's pronouncement, and the written judgment together to resolve any ambiguity. *See id.* The jury assessed punishment within the statutory range of three years, ten years, and four years on each cause respectively. Prior to its oral pronouncement, the trial court granted the State's motion to cumulate. The trial court's oral pronouncement was consistent with such ruling as it accurately reflected the term of each punishment the jury assigned and explained that the sentences would be stacked. Each original written judgment likewise noted that the sentence would run consecutively.

The judgments nunc pro tunc also indicated the sentences would run consecutively and addressed a clerical error failing to specify the sequential order in which the sentences would run. *See Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980) ("The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason

was not entered of record at the proper time."). The judgments nunc pro tunc added specificity by stating that the sentence in cause number 16-07-07650 would run first, followed by the sentence in cause number 16-07-07903, which would then be followed by the sentence in cause number 16-07-07920. *See Strahan v. State*, 306 S.W.3d 342, 353 (Tex. App.—Forth Worth 2010, pet. ref'd) ("Because a trial court may correct a cumulation order nunc pro tunc to add descriptive details, we conclude that the judgments nunc pro tunc were the proper vehicle for the trial court to accomplish what it set out to do in its oral pronouncement.") (citation omitted). Accordingly, the judgments nunc pro tunc are not void.

Based on the foregoing, Mitchell's assertion that the trial court impermissibly stacked his sentences is unsupported by the record in this case. We determine the record clearly establishes that the trial court granted the State's motion to cumulate, then subsequently pronounced the sentences "would be stacked" and would "run cumulatively." Considering the jury's verdict, the entirety of the oral pronouncement, and the written judgments together, we determine there is no conflicting variation between the oral pronouncement and the written judgments. *See Aguilar*, 202 S.W.3d at 843. The judgments nunc pro tunc were consistent with the trial court's oral pronouncement and permissibly added descriptive details. *See Strahan*, 306 S.W.3d at 353. We overrule Mitchell's sole issue on appeal.

6

## Conclusion

Having determined no impermissible conflict in the trial court's oral pronouncement and written judgments existed, the trial court properly cumulated Mitchell's sentences. We affirm the trial court's judgments.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 20, 2019
Opinion Delivered December 18, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

7