**Dismissed and Memorandum Opinion filed June 8, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00157-CR

**TYREN CHEDALE ALLEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1583342**

## MEMORANDUM OPINION

Appellant was charged with possession of a controlled substance. He pleaded not guilty to that charge, but a jury found otherwise. After the jury returned its verdict, appellant agreed to plead true to two enhancement allegations in exchange for a negotiated sentence of twenty-five years' imprisonment, which was the minimum term of imprisonment that appellant would have faced if the enhancement allegations had been submitted to the finder of fact and were found to have been true. *See* Tex. Penal Code § 12.42(d). As part of this negotiation, appellant also

agreed on the record to waive his right of appeal. The trial court rendered a judgment consistent with the negotiation and signed a certification stating that "the defendant has waived the right of appeal."

Despite the waiver, appellant filed a notice of appeal. On our own motion, we issued a notice expressing our intent to dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2). Appellant responded to the notice by referring to an amended certification, which stated—contrary to the trial transcript—that this criminal case "is not a plea-bargain case, and the defendant has the right of appeal."

The State moved to dismiss the appeal, or in the alternative, to abate the appeal for the trial court to clarify its certification. We abated the appeal with instructions for the trial court to clarify its certification.

The trial court then signed a second amended certification stating that this criminal case "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal." The trial court subsequently withdrew that certification, explaining that it had been entered in error. The trial court then signed a third amended certification, which states that this criminal case "is a plea-bargain case, and the defendant has NO right of appeal."

This third amended certification has been included in the record on appeal, and it is supported by the trial transcript. Since the filing of this certification, appellant has not filed any sort of response demonstrating that this court has appellate jurisdiction. We conclude that we do not have appellate jurisdiction and accordingly dismiss the appeal. *See* Tex. R. App. P. 25.2(d).[1]

---

[1] Before we abated this appeal, the State filed a brief and requested in a cross-point that we modify the trial court's judgment to correct a clerical error in the description of the offense of conviction. In light of our conclusion that we lack appellate jurisdiction, we do not reach this cross-point. But nothing in this opinion should be construed as precluding the State from filing in the trial court a motion for judgment nunc pro tunc. *See Alvarez v. State*, 605 S.W.2d 615, 617 (Tex.

/s/      Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Spain and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

Crim. App. 1980) ("Even though thirty days have passed after the entry of a judgment, a trial court retains the power to enter a nunc pro tunc order correcting any 'clerical error' which may appear in the judgment.").