# NOS. 12-21-00194-CR
# 12-21-00195-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID BRUCE TAYLOR,* *APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David Bruce Taylor, in a single bench trial, pleaded "guilty" to two counts of possession of a controlled substance, one being a third degree felony enhanced by two prior convictions to a first degree felony and the other being a state jail felony enhanced by two prior convictions to a second degree felony. Appellant pleaded "true" to the enhancement allegations. The trial court found Appellant "guilty" in both cases and, consistent with a plea agreement, assessed Appellant's punishment at confinement for thirty five years for the first degree felony and twenty years for the second degree felony. The trial court certifications in both cases state "this criminal case . . . is a plea bargain case and the Defendant has NO right of appeal" and "Defendant has waived the right of appeal."[1]

Despite this waiver, Appellant filed an appeal correctly urging that since the two offenses were tried in a single criminal action, court costs were erroneously imposed in appellate cause number 12-21-00195-CR. The State agreed that the costs were erroneously imposed and should be deleted from the judgment.

---

[1] At the plea hearing, Appellant's counsel indicated that Appellant reserved the right to appeal the pretrial ruling on his motion to suppress. Appellant does not raise any suppression issues in this appeal.

However, when the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. TEX. R. APP. P. 25.2(d). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. Based on our review of the record, it is clear that the trial court's certifications accurately state that Appellant has no right of appeal. *See **Dears v. State***, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (holding that appellate court should review record to determine whether certification is accurate). Because the trial court did not grant Appellant the right to appeal his convictions, we ***dismiss*** the appeals.[2]

**BILL BASS**
Justice

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

---

[2] The judgment of conviction recites that in trial court cause number 241-0935-21 (appellate cause number 12-21-00195-CR), Appellant was convicted of a state jail felony enhanced to a third degree felony. However, the record shows that Appellant was charged with a state jail felony enhanced to a second degree felony. Appellant pleaded "true" to the two enhancement allegations necessary to enhance his punishment to a second degree felony. Nothing in this opinion should be construed as precluding Appellant from filing in the trial court a motion for judgment nunc pro tunc. *See **Alvarez v. State***, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). He was sentenced to confinement for twenty years, a sentence appropriate to a second degree felony, but not to a third degree felony. *See* TEX. PENAL CODE ANN. §§ 12.33, 12.34 (West 2019). However, we lack jurisdiction to modify the judgment to correct this clerical error.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-21-00194-CR**

**DAVID BRUCE TAYLOR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0660-21)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-21-00195-CR**

**DAVID BRUCE TAYLOR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0935-21)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*