

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-93,206-03

### EX PARTE ERICH STOCKLEY SEALS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13-16894-C IN THE 252ND DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated assault causing bodily injury and sentenced to 25 years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Seals v. State,* No. 09-15-00191-CR (Tex. App.–Beaumont, Aug. 10, 2016). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The trial court made findings of fact and conclusions of law. The court's findings and conclusions are supported by this Court's independent review of the record. In part, however, the trial court recommends that this Court modify the judgment to correct a clerical error. Matters which may be raised and resolved by *nunc pro tunc* proceedings should not be considered by way of writ

of habeas corpus. *See Ex parte Pena,* 71 S.W.3d 336, 336-337 (Tex. Crim. App. 2002). A trial court retains the power to enter a *nunc pro tunc* order correcting any "clerical error" in the judgment. *Alvarez v. State,* 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). Therefore, the trial court has authority to enter a *nunc pro tunc* judgment in this case. *Id.*

We deny relief.

Filed:  OCTOBER 19, 2022
Do not publish