

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | | |
|---|---|---|---|
| JOE AGUIRRE, | § | No. 08-24-00108-CR | |
| Appellant, | § | Appeal from the | |
| v. | § | 466th District Court | |
| THE STATE OF TEXAS, | § | of Comal County, Texas | |
| Appellee. | § | (TC# CR2017-339E) | |

## CONCURRING OPINION

I join with the majority in concluding that we lack jurisdiction to consider the merits of appellant's appeal. I write separately, however, because I am unable to turn a blind eye to a clerical error that came to light during our jurisdictional review. The error appears on the face of each of the several judgments of conviction.

When jurisdiction is established, an appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so. *Nolan v. State,* 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)); *see also* Tex. R. App. P. 43.2(b). Here, the indictment charged appellant with 11 counts of possession with intent to promote child pornography in violation of Texas Penal Code § 43.26(e), and these

counts were enhanced by his prior conviction for possession of a prohibited weapon pursuant to Texas Penal Code § 12.42(b). Related thereto, and relevant to this appeal, appellant signed a written Plea Bargain Agreement entered into with the State, which was admitted into evidence as State's Exhibit 1. The Plea Bargain Agreement reflects that appellant agreed he would plead guilty to, and be found guilty of, the offense of "possession of child pornography with intent to promote[,] 11 counts." In reviewing each of the judgments of conviction, the charged offense is correctly described but the same cannot be said for the correlating reference to the penal code provision. Instead of Texas Penal Code § 43.26(e) appearing on the face of the judgments, each incorrectly states the charged offense as "43.2(e)," which is a nonexistent statutory provision.

I searched but did not find clear authority permitting us to correct and reform these judgments where our jurisdiction is lacking. That being said, however, the trial court itself does not appear to be precluded from entering judgments nunc pro tunc to correct for clerical errors. *See Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980) ("Even though thirty days have passed after the entry of a judgment, a trial court retains the power to enter a nunc pro tunc order correcting any 'clerical error' which may appear in the judgment."). Although I write separately to address this lingering concern, I otherwise join and concur with the majority's dismissal of this appeal for the reasons given. *See* Tex. R. App. P. 43.2(f).

GINA M. PALAFOX, Justice

May 24, 2024

Before Palafox and Soto, JJ., and Barajas, C.J., (Ret.)
Barajas, C.J., (Ret.), (sitting by assignment)
Palafox, J., concurring