

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00262-CR

**IN RE** Adrian **LUNA**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice

Delivered and Filed: May 7, 2025

PETITION FOR WRIT OF MANDAMUS OR *NUNC PRO TUNC* IS DENIED

On April 21, 2025, relator, Adrian Luna, submitted a letter petition to this court requesting relief in the form of mandamus or *nunc pro tunc*. Relator avers to an alleged motion for nunc pro tunc filed in this court but provides no record or evidence of same. We have reviewed the filings with this court and have not identified any such filing from relator. Relator also complains that the Uvalde County courts have failed to rule on a motion for *nunc pro tunc* made in his underlying cases. Relator has not attached any such motions or supporting evidence of inaction at the lower court.

Mandamus is an extraordinary remedy that will be granted only when the relator can show that the trial court has clearly abused its discretion or violated a duty imposed by law and

---

[1] This proceeding arises out of Cause Nos. 2020-05-13747-CR and 2020-05-13748-CR, each styled *The State of Texas v. Adrian Luna*, pending in the 38th Judicial District Court, Uvalde County, Texas, the Honorable Camile Glasscock Dubose presiding. Petitioner incorrectly references Cause Nos. 2020-05-18748-CR/47 CR and 2019-09-15593/94-CR.

that there is no adequate remedy by way of appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *In re Marty, Inc.*, No. 04-20-00067-CV, 2020 WL 557076, at *1 (Tex. App.—San Antonio Feb. 5, 2020, no pet.). The requirements of mandamus dictate that relator provide a sufficient record showing that they are entitled to mandamus relief. *Walker*, at 827 S.W.2d 837. This record must include a certified or sworn copy of every document that is material to their claim that was filed in the underlying proceeding. TEX. R. APP. P. 53.7.

"The purpose of a *nunc pro tunc* order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time." *In re Bowens*, No. 04-13-00427-CR, 2013 WL 4679140, at *1 (Tex. App.—San Antonio Aug. 28, 2013, no pet.) (quoting *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980)). A correction of the record necessarily requires evidence of the alleged error in the record as well as the evidence corroborating the correction.

Relator has provided no evidence in support of either mandamus relief or relief *nunc pro tunc*. Accordingly, relator's letter petition is DENIED.

PER CURIAM

DO NOT PUBLISH